. William E. J. Connor, J.
The defendant has appealed from a judgment of conviction of the crime of assault in the third degree. The complaining witness, a State trooper, testified that between 4:30 and 4:35, while he was patrolling on Route 9 in the County of Columbia, he saw two cars and it looked like both cars were speeding. He told one of the cars to pull over to the side of the road. He asked the driver for his registration and at the time he noticed a rifle stock sticking out from the back of the car. He reached into the back of the car to check the rifle to see if it was loaded or not and at that time the defendant started to push and accuse him of having no right to get in the car and no right to check anything without his permission.
It is contended by the defendant that the action of the defendant in pushing and striking the complaining witness was not unlawful in that in doing so he was attempting to prevent an offense against his person, or a trespass or other unlawful interference with real or personal property in his lawful possession, in that the trooper violated section 8 of the Civil Rights Law in an attempt to examine the rifle to determine whether or not it was loaded without first obtaining a search warrant.
“ While [automobiles are] a possession in the sense of private ownership, they are but a vehicle constructed for travel and transportation on the highways. Their active use is not in homes or on private premises, the privacy of which the law especially guards from search and seizure without process.” (People v. Case, 220 Mich. 379, 388.)
I believe it to be fundamental that a search may be made without a warrant, especially to determine whether or not a rifle in an automobile is loaded when a trooper has stopped a vehicle to determine whether or not a crime has been committed. To hold that under the circumstances an officer must first obtain a warrant, would be almost to scrap all efforts to enforce the criminal law of the State.
Judgment of conviction appealed from should be affirmed.